# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-22-00700-CV
---

### M. L., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---
### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV40855, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING
---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Mother challenges the trial court's final order terminating her parental rights to her son, eighteen months old at the time of the bench trial. *See* Tex. Fam. Code § 161.001. The trial court rendered judgment finding by clear and convincing evidence that two statutory grounds existed for terminating Mother's parental rights and that termination was in the child's best interest. *See id.* § 161.001(b)(1)(D), (O), (b)(2). For the reasons explained below, we abate the appeal and remand the cause to the trial court for it to appoint Mother new appellate counsel.

## DISCUSSION

Mother's appointed counsel has moved to withdraw and filed an *Anders* brief, asserting that the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744–45 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10

(Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)).

When we receive an *Anders* brief from an appellant's appointed attorney and determine that the procedural requirements of *Anders* have been met, we engage in an independent review of the briefs and the entire record to determine whether (1) we agree with counsel's conclusion that the appeal is wholly frivolous, in which case we issue an opinion stating there is no reversible error; or (2) we conclude that arguable grounds for appeal exist, in which case we abate the appeal and remand the cause to the trial court for appointment of new counsel. *See In re C.C.*, No. 04-19-00844-CV, 2020 WL 2139307, at *1 (Tex. App.—San Antonio May 6, 2020, no pet.) (mem. op.); *In re A.L.H.*, No. 04-18-00153-CV, 2018 WL 3861695, at *2 (Tex. App.—San Antonio Aug. 15, 2018, no pet.) (mem. op.). The new attorney is then required to file a brief raising the nonfrivolous ground(s) we have identified, as well as any additional grounds that the attorney discovers. *C.C.*, 2020 WL 2139307, at *1. Only after the new attorney has briefed the issues on appeal will we address the merits of those issues. *Id.*

After reviewing the briefs and the record, we conclude that the appeal is not wholly frivolous and that there is at least one arguable ground for appeal: whether the evidence supports the finding that Mother knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child. *See* Tex. Fam. Code § 161.001(b)(1)(D). We accordingly must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present all arguable grounds for appeal. *See Anders*, 386 U.S. at 744; *C.C.*, 2020 WL 2139307, at *1; *Johnson v. Texas Dep't of*

2

*Fam. & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at \*1–2 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *see also P.M.*, 520 S.W.3d at 27 n.13 (noting that appellate court may abate appeal and refer case to trial court for appointment of new counsel in parental-termination cases).

## CONCLUSION

We grant counsel's motion to withdraw, abate Mother's appeal, and remand this cause to the trial court. *See C.C.*, 2020 WL 2139307, at \*1. The trial court shall appoint new appellate counsel to represent Mother and report the appointment to this Court within thirty days, after which we will notify the parties of the briefing schedule. *See A.L.H.*, 2018 WL 3861695, at \*3.

It is ordered March 23, 2023.


Before Justices Baker, Smith, and Jones[1]

Abated and Remanded

Filed: March 23, 2023

---

\*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).